IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 05-30020-GPM |
| | ) |
| BONNIE GAIL ARNEL, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

By order dated October 18, 2005, Chief U.S. District Judge G. Patrick Murphy revoked defendant Arnel's bond and issued a warrant for her arrest. **(Docs. 28 and 29).** Arnel was arrested in the Eastern District of California and the District Court there found that her medical condition necessitated transport to this district via medical plane. Chief Judge Murphy has referred all matters concerning defendant Arnel's bond and/or detention to this Court. **(Doc. 35).**

Upon arrival in this district, defendant Arnel was placed in the Kenneth Hall Regional Medical Center, where she has remained undergoing care and evaluation. By written order dated March 22, 2006, Chief Judge Murphy has authorized holding court proceedings in Arnel's hospital room. **(Doc. 36).** An initial appearance and arraignment were conducted on March 22, 2006, with counsel for defendant and the government present. The issue of detention was also addressed.

**Detention**

Defendant argued that there was no basis for detention, in that she has not been and is not a risk of flight. In light of her medical condition and indigent status, defendant Arnel requested release on bond and/or conditions, and court-ordered transport back to California at government expense. Although the governemnt did not specifically request detention, the government requested that Arnel

be required to remain in this district pending trial, so that her appearance could be assured. The government also continued to intimate that Arnel may be a malingerer.

Defendant Arnel's medical condition is presently being reevaluated. Nevertheless, the issue of detention is not affected by whether Arnel's medical condition has worsened or improved since the District Court for the Eastern District of California concluded that she was in need of hospitalization and medical care. Although Arnel has been recalcitrant about returning to this district for arraignment, there is no denying that her size and related health issues substantially impair her ability to travel, even short distances– regardless of any element of malingering. Therefore, the Court does not fear that Arnel is a risk of flight or danger to the community. The government's proposal that Arnel not be detained, but be required to remain in the district so as to assure her appearance at future appearance is based solely on convenience and expense, not on any fear that Arnel will abscond. The cost to the government of transporting an indigent defendant is not a recognized detention factor under 18 U.S.C. § 3142. There is simply no basis for detaining Arnel pending trial, or for requiring her to remain in this district, away from her family and treating physicians. The conditions of Arnel's release on bond will be set forth by separate order.

## Travel

The Court notes that Arnel has been found disabled by the Social Security Administration and is receiving disability insurance benefits. In addition, during the November 223, 2005, hearing before U.S. Magistrate Judge Sandra M. Snyder evidence was received from defendant's treating physician, Dr. Champaign, that Arnel's obstructive pulmonary disease has worsened, she also suffers from arteriosclerosis and is morbidly obese, and she requires oxygen, making travel difficult and hazardous. During the March 22, 2006, hearing in Arnel's hospital room, Arnel was on oxygen.

Commercial air travel is out of the question, given her need for oxygen and the risk of respiratory collapse.

As with all indigent defendants, the U.S. Marshal must bear the cost of transporting the defendant for trial and other proceedings, whether released on bond or in custody pending trial. In this situation, Arnel's medical condition further complicates matters and exponentially increases the cost. Furthermore, the Court and U.S. Marshals Service are mindful of *Farmer v. Brennan*, 511 U.S. 825 (1994), and must ensure that Arnel's health is not further endangered in this situation.

**IT IS THEREFORE ORDERED** that defendant Arnel shall be released on bond at such time as she is released from the hospital by her treating physician at Kenneth Hall Regional Medical Center. The Conditions of her release and bond shall be set forth in a separate document to be executed by Arnel immediately upon release from the hospital. If Arnel is unable to execute those bond papers at the Clerk's Office, counsel should alert the Court and other arrangements will be made.

**IT IS FURTHER ORDERED** that, in light of defendant Arnel's unchanged medical condition and indigent status, the United States Marshal shall transport defendant Arnel back to the Eastern District of California via medical plane, at the government's expense. Arnel shall not be transported back to California until such time as she is deemed capable of travel on the medical plane by her treating physician at Kenneth Hall Regional Medical Center.

**IT IS SO ORDERED.**

DATE:  March 23, 2006

>  s/ Clifford J. Proud
>  CLIFFORD J. PROUD
>  U. S. MAGISTRATE JUDGE